# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CRUMBY, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-08-1900 |
| v. | : | |
| WARDEN R. MARTINEZ, *et al.*, | : | (Judge Caputo) |
| Defendants | : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

David Crumby, an inmate presently confined at the Gilmer Federal Correctional Institution (FCI-Gilmer) in Glenville, West Virginia, initiated this civil rights action on October 15, 2008. The allegations asserted in the complaint arise from events which occurred at Mr. Crumby's previous place of confinement, Allenwood United States Penitentiary (USP-Allenwood) in White Deer, Pennsylvania. Mr. Crumby alleges that while housed at USP-Allenwood he repeatedly sought to protective custody confinement claiming a need to be separated from any inmates who were members of any white supremacy group. (Doc. 1, Complaint.) Upon Mr. Crumby's arrival at USP-Allenwood, he was placed in the institution's Special Housing Unit (SHU) pending investigation of his request for protective custody. On April 18, 2008, notwithstanding his vocalized fears of being transported with other white inmates, Mr. Crumby was removed from his SHU cell and placed on a bus for temporary transfer to another facility. Prior to leaving

USP-Allenwood, a member of the Aryan Circle (who was also being prepared for transport) slipped his handcuffs and attempted to assault Mr. Crumby. After this assault attempt was thwarted, and while en route to the other facility, two other Aryan Circle members partially escaped their restraints and attempted to assault Mr. Crumby. As a result, the transport bus was diverted to a closer facility. All inmates were removed from the bus, their restraints reapplied. All inmates except for Mr. Crumby were replaced on the bus and sent onward to their original destination. Mr. Crumby was returned to USP-Allenwood where he placed in the SHU. (Doc. 4, Supplement to the Complaint.) Named as defendants are the following Bureau of Prisons (BOP) employees: USP-Allenwood Warden, R. Martinez; Case Manager Coordinator, Mark Tanner; and Regional Director D. Scott Dodrill. Defendants are alleged to have: (1) refused Mr. Crumby the proper protective classification necessary to prevent his present and future exposure to members of white supremacy groups; and (2) failed to protect him from harm when they authorized his transport on April 18, 2008.

Presently before the court is David Crumby's one paragraph Motion for Appointment of Counsel based on his declared "diminished [mental] capacity" due to a "pre-existing mental illness and psychological disabilities." (Doc. 9.) He states that he is unable to represent himself in this matter. For the reasons that follow, the Court will deny Mr. Crumby's present motion without prejudice.

The Third Circuit Court of Appeals has established the criteria for the Court to examine when addressing a request for appointment of counsel. *See Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993). Initially, "the district court must consider as a

threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointment of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*. Further, under *Tabron*, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. *Id*. at 156, 157 n. 5; *see also Montgomery v. Pichak*, 294 F.2d 492, 499 (3d Cir. 2002). Moreover, the *Tabron* court held that the "appointment of counsel . . . may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id*. at 156. Finally, the *Tabron* court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n.6, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is
> extremely valuable. Hence district courts should not
> request counsel under § 1915(d) indiscriminately. As the
> Court of Appeals for the Second Circuit has warned:

> "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

Applying the relevant *Tabron* factors to David Crumby's requests, we find that he has failed to present special circumstances which would justify the appointment of counsel at this time. Although Mr. Crumby declares himself to be mentally ill to the point he cannot represent himself in this matter, he offers no medical documentation in support of such a claim. Furthermore, his pleadings and other submissions to date suggest otherwise. Contrary to his assertion, his Complaint, supplement, and opposition to defendants' presently pending motion to dismiss, or in the alternative, motion for summary judgment, are clearly written, easily understood and rational. Mr. Crumby's arguments in these documents are equally lucid. Given the potential dispositive nature of defendants' pending motion, and the fact that Mr. Crumby has ably responded to that motion, the Court does not find at this point in the litigation that he will be prejudiced if counsel is not appointed. Furthermore, any concern over his own inexperience as litigator is unnecessary as his pro se pleadings are given a liberal construction by the Court. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, although indigent, Mr. Crumby has not demonstrated that he lacks the capacity to retain pro bono counsel on his own behalf. For these reasons, the Court will deny Mr. Crumby's pending motion for appointment of counsel. However, in the event that

future proceedings demonstrate the need for counsel, the matter may be reconsidered upon another motion filed by Plaintiff, or *sua sponte* by the Court. If Plaintiff initiates such a motion, he must advise the Court of any new facts, information or reasons that demonstrate a change in his situation or ability to move forward on his own with this matter.

**AND NOW, this 11th day of August, 2009**, it is ordered that Plaintiff's Motion for Appointment of Counsel (docs. 9) is denied without prejudice.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**